UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

GERARDO MARMOL,
and other similarly situated individuals,

    Plaintiff,

v.

VMSB, LLC
d/b/a CASA CASUARINA
d/b/a GIANNI'S

    Defendant.
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff GERARDO MARMOL, by and through the undersigned counsel, and hereby sues Defendant VMSB, LLC d/b/a CASA CASUARINA, d/b/a GIANNI'S and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act", (Section 216 for jurisdictional placement).

2. Plaintiff GERARDO MARMOL is a resident of Miami-Dade County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant VMSB, LLC d/b/a CASA CASUARINA, d/b/a GIANNI'S (hereinafter CASA CASUARINA, or Defendant) is a Florida corporation which has place of business within

the jurisdiction of this Court. At all times, Defendant was and is engaged in interstate commerce. Defendant is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. All the actions raised in this Complaint took place in Miami-Dade County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

5. This cause of action is brought by Plaintiff as a collective action to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after June 2018 (the "material time") without being compensated overtime wages pursuant to the FLSA.

6. Defendant CASA CASUARINA is an Italian/Mediterranean located at 1116, Ocean Drive, Miami Beach, Florida 33139, where Plaintiff worked.

7. Defendant CASA CASUARINA employed Plaintiff GERARDO MARMOL as a non-exempt, hourly, full-time restaurant employee, from on or about June 17, 2018, through approximately May 22, 2019, or 48 weeks.

8. Plaintiff was a pastry chef helper, and his wage rate was $15.00 an hour. Plaintiff's overtime rate was $22.50 an hour.

9. In the course of employment with Defendant, the Plaintiff and other persons of the asserted class regularly worked overtime hours (that is, hours in excess of forty (40)per workweek, referred to herein as "overtime hours" and were not paid overtime compensation at an

overtime rate of time and one-half of their regular rate of pay (the "overtime rate") for all the hours worked.

10. Every week Plaintiff was paid for part of his overtime hours at the correct rate. However, Defendant did not pay Plaintiff for all the overtime hours that he worked within a week period.

11. In addition, Plaintiff did not take bona fide lunch periods which constitute additional unpaid overtime hours.

12. The records, if any, concerning the number of hours worked by Plaintiff, and all other similarly situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

13. At all times pertinent to this Complaint, Defendant failed to comply with Title 29 U.S.C. §§201-209. In that, Plaintiff and those employees similarly situated performed services and labor for Defendant for which Defendant made no provision to pay Plaintiff and the other similarly situated employees compensation to which they were lawfully entitled for all the hours worked in excess of forty within a workweek.

14. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class in this action and is obligated to pay a reasonable attorneys' fees and costs.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME

15. Plaintiff GERARDO MARMOL re-adopts every factual allegation as stated in paragraphs 1-14 above as if set out in full herein.

16. At all times pertinent to this Complaint, Defendant was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto in excess of $500,000 per annum.

17. Alternatively, Plaintiff and those employees similarly situated worked in interstate commerce as to fall within the protections of the Act.

18. Plaintiff is entitled to be paid time and one-half of Plaintiff's regular rate of pay for each hour worked in excess of forty (40) hours per workweek. All similarly situated employees, are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

19. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff and the similarly situated employees in the asserted class have suffered damages plus incurring costs and reasonable attorney's fees.

20. As a result of Defendant's willful violations of the Act, Plaintiff and those similarly situated to Plaintiff are entitled to liquidated damages.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff GERARDO MARMOL and those similarly situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff GERARDO MARMOL and other similarly situated and against the Defendant CASA CASUARINA based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid compensation for hours worked in excess of forty weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff GERARDO MARMOL and those similarly situated demand trial by jury of all issues triable as of right by jury.

Dated:  September 6, 2019

> Respectfully submitted,
>
> By:  **/s/ Zandro E. Palma**
> ZANDRO E. PALMA, P.A.
> Florida Bar No.: 0024031
> 9100 S. Dadeland Blvd.
> Suite 1500
> Miami, FL 33156
> Telephone: (305) 446-1500
> Facsimile:  (305) 446-1502
> zep@thepalmalawgroup.com
> *Attorney for Plaintiff*